**Not for Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DIV 15 TECH,<br><br>    Petitioner/Counterdefendant,<br><br>  v.<br><br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION,<br>LOCAL 104,<br><br>    Respondent/Counterclaimant.<br>_____/ | Nos. C 10-05309 JSW (NJV)<br>      C 10-05312 JSW (NJV)<br><br>REPORT AND RECOMMENDATIONS<br>RE SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION,<br>LOCAL 104'S MOTION FOR<br>ATTORNEYS' FEES AND EXPENSES<br>(Docket No. 26 in 10-5309, Docket No. 25 in<br>10-5312) |

      Pending before the Court is the motion for attorneys' fees and expenses filed by Sheet Metal Workers' International Association, Local 104 ("Local 104") in the above two related cases. This follows the Court's entry of an order denying the petition by Div 15 Tech ("Div 15") to vacate an arbitration award, confirming the arbitration award, and denying as moot Local 104's motion for judgment on the pleadings. Order Denying Petition to Vacate, Confirming Arbitration Award, and Denying as Moot the Motion for Judgment on the Pleadings ("Order Denying Petition") (Docket No. 24 in 10-5309, Docket No. 23 in 10-5312).

      The background of this case is set forth in the Court's previous order. Order Denying Petition, p. 1-3. Local 104 now moves for attorneys' fees and expenses on the ground that Div 15's refusal to comply with the labor arbitration award was unjustified and in bad faith. Div 15 opposes the motion for attorneys' fees and expenses.

//
//
//

**LEGAL STANDARD**

Under the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Industry*, 694 F.2d 203, 204 (9th Cir. 1982). An exception to that rule exists, however, "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622 (1975) (internal citations omitted.)

Courts may award attorneys' fees and expenses in cases enforcing collective bargaining agreements when there has been "an unjustified refusal to abide by an arbitrator's award" or when "a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." *Intern. Union of Petroleum & Indus. Workers v. Western Indus. Maint.*, 707 F.2d 425, 428 (9th Cir. 1983). Such an award serves the dual purpose of "deter[ring] frivolous dilatory tactics," and compensating a party for incurring "the added expense of having to vindicate clearly established rights in court." *Id*. "These considerations are particularly apt in the context of labor arbitration" because engaging in dilatory tactics "threatens the goal of industrial peace" that is furthered by labor arbitration. *Id*.

**DISCUSSION**

Local 104 contends that an award of attorneys' fees is warranted in this case because Div 15's refusal to comply with the arbitration award was unjustified, and that each of Div 15's arguments for vacating the award was foreclosed by Ninth Circuit precedent. In its petition to vacate the arbitration award, Div 15 first argued that the Joint Administrative Committee" ("JAC") openly demonstrated actual bias against Div 15 in the arbitration proceeding for this grievance and in other union grievances against Div 15. The Court found that these allegations addressed "merely tangential incidents where the JAC made procedural or evidentiary decisions that were unfavorable to Div 15" and that Div 15 failed to "allege in any way how these decisions demonstrate improper motives in this case." Order Denying Petition, p. 6:9-12.

Local 104 now argues that this argument was foreclosed by Ninth Circuit precedent of which Div 15 was made aware. Specifically, in its opening brief on its motion for judgment on the

2

pleadings, Local 104 twice cited *Sheet Metal Workers Intern. Ass'n Local Union No. 420 v. Kinney Air Conditioning*, 756 F.2d 742, 742 (9th Cir. 1985), in which the Ninth Circuit expressly held that "[e]ven repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation." Local 104 argues that in light of the binding Ninth Circuit precedent on this issue, Div 15's claim that the fact that the JAC ruled against it on various issues demonstrated actual bias was entirely without justification.

DIV 15 contends in response that because petitions to vacate require case by case analysis, "there simply cannot be" binding precedents which foreclosed its arguments. The Court rejects this contention, finding that DIV 15's claim that certain rulings against it by the arbitration panel were evidence of bias, which did not include an allegation of improper motivation, was precluded by *Sheet Metal Workers Intern. Ass'n Local Union No. 420*.

Local 104 further argues that Div 15's petition omitted the fact that the JAC decided the third termination grievance addressed by its August 27, 2010 award in Div 15's favor. When Local 104's motion pointed out this fact, Div 15's response was that, in contrast to the Hunter and Young cases, the third termination case was "so weak" that even a biased JAC could not have ruled for that worker. Local 104 contends that this argument was nothing more than a request that this Court review the merits of the Young and Hunter decisions, something that is explicitly prohibited by binding precedent. *See Sheet Metal Workers Inter. Assoc. Local Union No. 359 v. Madison Indus. Inc.,* 84 F.3d 1186, 1190 (9th Cir. 1996) (A court "may not review the merits [of a labor arbitration award.]"); *United Steelworkers of America v. Enterprise Wheel & Car Corp.* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360 (1960) ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements."). In ruling against Div 15, the Court found, "the fact that the JAC held in favor of Div 15 for one of the three termination grievances weighs against a finding of evident partiality." Order Denying Petition, p. 7:10-11.

In its petition to vacate the arbitration award, Div 15's second argument was that the Building Trades Council representative on the JAC improperly failed to disclose his relationship with Local 104. The Court rejected that arguing, holding that, "[b]ecause Div 15 knew that the signatory unions would select the co-chair from the Building Trades Counsel, Div 15 had constructive notice of a

1  possible relationship between the co-chair and the signatory unions.  Div 15 did not timely object to
2  the JAC's composition, and has therefore waived its right to challenge the award.  *See* [*Fidelity Fed.*
3  *Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004)]." Order Denying Petition, 8:24-
4  26.  Local 104 now contends that Div 15's argument was disengenuous.  Local 104 stresses that, as
5  found by the Court, Div 15 knew that there was some relationship between these parties, as this
6  relationship was apparent from the very fact of the Project Labor Agreement.  *See* Order Denying
7  Petition, p. 8.

8  The Court has previously found that "Div 15's listed instances of alleged bias do not establish
9  improper motives sufficient to demonstrate actual bias."  Order Denying Petition, p. 5:23-24.  The
10 Court now finds that in light of controlling Ninth Circuit authority foreclosing its arguments, Div
11 15's refusal to comply with the arbitration award was unjustified and delayed enforcement of the
12 award, forcing Local 104 to incur additional expenses in litigating the matter.  Accordingly, an
13 award of attorneys' fees and expenses is warranted to compensate Local 104 and to deter similar
14 conduct in the future.

15 Calculation of Attorneys' Fees and Litigation Expenses

16 Local 104 requests an award of $86,379.50 for its attorneys' fees and expenses from the
17 beginning of this action through the filing of the reply memorandum in the present fees motion.

18 To determine a reasonable attorneys' fee award, the court employs the lodestar method.
19 *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  "The 'lodestar' is calculated by
20 multiplying the number of hours the prevailing party reasonably expended on the litigation by a
21 reasonable hourly rate."  *Id*.  There is a strong presumption that the lodestar figure constitutes
22 reasonable fees, and only in exceptional cases will adjustment of the lodestar be appropriate.
23 *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65, 106 S.Ct. 3088,
24 3098 (1986).  In assessing a reasonable hourly rate, the court should consider the prevailing market
25 rate in the community for similar services by lawyers of reasonably comparable skill, experience,
26 and reputation.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Courts within this district have used
27 different methods and reached different results.  *Compare Yahoo!, Inc. v. Net Games, Inc.*,
28 329 F. Supp. 2d 1179, 1192-93 (N.D. Cal. 2004) (employing complex formula to determine that the

4

average hourly rate in the San Francisco area around 2002 was $190 per hour), *with Cancio v. Fin. Credit Network*, No. C04-03755 TEH, 2005 WL 1629809, *2-3 (N.D. Cal. 2005) (finding that precedent in the Northern District of California supported hourly rates in 2005 of $345 per hour and $435 per hour).

In the present case, Local 104 seeks attorneys' fees as calculated below:

| Timekeeper | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Peter Nussbaum | 9.8 | $825.00 | $8,085.00 |
| Eileen Goldsmith | 3.5 | $545.00 | $19,238.50 |
| Anne Arkush | 153.6 | $380.00 | $58,368.00 |
| Paralegal | 3.2 | $215.00 | $688.00 |
| | | | **$86,379.50** |

These rates are the current commercial rates for Local 104's counsel. Local 104 also seeks expenses in the amount of $870.04.

It is well-settled that "rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In support of its motion, Local 104 provides the Declaration of Attorney Nussman, stating that its counsel has been awarded fees at current commercial hourly rates in prior cases, including in an order issued March 28, 2011, granting attorneys' fees in *Committee for Recognition of Nursing Achievement v. Lucile Salter Packard Children's Hospital*, 10-cv-01633 JF (N.D.Cal. 2011). Attorney Nussbaum also cites as recent cases awarding its counsel fees at current commercial hourly rates *Ayon v. Cintas Corp. No. 2*, BC310696 (Los Angeles Sup. Ct. 2010); *Swanson v. Cal. Dep't of Transportation*, RG 09476468 (Alameda County Sup. Ct. 2010); *Wynne v. McCormick & Schmick's*, 06-cv-3154 CW (N.D.Cal. 2008); *Adams v. Inter-Con Security Systems*, C-06-5428 MHP (N.D. Cal. 2007); *Satchell v. FedEx Express*, C 03-2659 SI (N.D. 2007); *Amaral v. Cintas Corp. No. 2*, Cal. Ct. App. (1st App. Dist. Nos. A114510 and A114981 2007); and *Gardner v. Schwarzenegger*, RG06-278911 (Alameda County Sup. Ct. 2008). The Court finds that the fact that Local 104's counsel has been awarded its

5

market rates in numerous cases, including a case decided in this district only a few months ago, is strong evidence that the requested market rates are reasonable.

In paragraph 16 of Nussbaum's declaration, he states that the firm has had considerable opportunity to familiarize itself with the hourly rates charged by other firms, providing an extensive list. Nussbaum states at paragraph 20 that he is "informed and believes that the hourly rates requested for the attorneys in this litigation are at or below the market rates for comparably qualified and experienced counsel handling similar litigation in the Bay Area." The Court finds this to be additional evidence that the hourly rates sought by Local 104 are reasonable.

While Div 15 complains that Local 104 has not submitted evidence of the hourly rate it pays its counsel, the relevant inquiry under the lodestar method is the prevailing market rate for counsel's services, not what was actually paid them. *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984) (holding that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel). The Ninth Circuit "has repeatedly held that the determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party." *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000).

Determination of a reasonable hourly rate also depends on the skill, experience and reputation of the attorney as well as the complexity of the litigation. Counsel Peter D. Nussbaum entered private practice in 1974, and has more than 25 years of litigation experience in the area of labor and employment. A senior partner in his firm, he has been listed for 25 years in the "Best Lawyers in America" for labor and employment law. Nussbaum Decl. ¶ 3. Counsel Eileen B. Goldsmith is a 2000 graduate of Yale Law School and joined Altshuler Berzon in 2001 as an associate. *Id.* at ¶ 4. She is now a partner with the firm. She has been named as a Northern California "Super Lawyers - Rising Star" for 2011. *Id.* Counsel Ann Arkush is a 2006 graduate of New York University School of Law and is an associate with the firm. *Id.* at ¶ 5. The Court finds this information generally supportive of the hourly rates sought for counsel.

After considering all of the above, the Court finds that the hourly rates requested are reasonable.

The second lodestar factor is the reasonable number of hours counsel spent prosecuting the case. If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In the present case, counsel spent approximately 170.1 hours prosecuting the case. Supplemental Nussbaum Decl., Ex. A. Although Div 15 contends that the requested hours are excessive, it offers no explanation of why the hours are excessive nor any evidence of what a reasonable number of hours for each task would have been. The Court finds, therefore, that Div 15 has not met its burden in seeking to overcome the requested number of hours. *See Gates v. Deukemejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.").

Local 104 contends that the hours spent by its counsel were reasonable, providing two supporting declarations of Attorney Nussbaum. As Local 104 argues, the fact that Div 15's counsel spent less time on the litigation is not evidence that Local 104's hours were unreasonable. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001). Further, Local 104 provides evidence through Attorney Nussbaum's declarations that counsel exercised billing judgment, not recording some hours at all, and reducing or eliminating others. After reviewing all the arguments on this issue, the Court finds that the hours expended by Local 104's counsel on this case were reasonable and are therefore recoverable.

Finally, Local 104 seeks litigation expenses in the amount of $870.04, comprised of typical expenses such as on-line research, photocopying and printing charges, courier fees, and court electronic records charges incurred in the course of this litigation. Nussbaum Decl., ¶¶ 14-15. The Court finds these expenses to be reasonable.

//
//
//
//

**CONCLUSION**

In light of the foregoing, the Court recommends that the Court grant Local 104 $86,379.50 in attorneys' fees and $870.04 in costs, for a total of $87,249.54.

IT IS SO ORDERED.

Dated: July 20, 2011

NANDOR J. VADAS
United States Magistrate Judge

8